IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02070-BNB

CHRISTOPHER R. SALEH,

    Applicant,

v.

GEORGE DUNBAR, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 19 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Christopher R. Saleh is a prisoner in the custody of the Colorado Department of Corrections at the Buena Vista Correctional Facility in Buena Vista, Colorado. Mr. Saleh has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction and sentence in Denver District Court case number 98CR2025.

On September 9, 2009, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On October 9, 2009, Respondents filed their Pre-Answer Response. On February 8, 2010, Mr. Saleh filed a reply to the Pre-Answer Response.

The Court must construe the application and other papers filed by Mr. Saleh liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404

U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a **pro se** litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

Mr. Saleh was convicted by a jury of second degree assault and he was sentenced to thirty-two years in prison as an habitual offender. Although the conviction was reversed on direct appeal by the Colorado Court of Appeals, **see People v. Saleh**, 25 P.3d 1248 (Colo. Ct. App. 2000), the Colorado Supreme Court reversed the state court of appeals and reinstated Mr. Saleh's conviction for second degree assault, **see People v. Saleh**, 45 P.3d 1272 (Colo. 2002). On May 20, 2002, the Colorado Supreme Court denied Mr. Saleh's petition for rehearing.

On February 16, 2005, Mr. Saleh filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure challenging his conviction and sentence in Denver District Court case number 98CR2025, the conviction being challenged in this action. The trial court denied relief and that ruling was affirmed on appeal. **See People v. Saleh**, No. 07CA0992 (Colo. Ct. App. Dec. 18, 2008) (unpublished). On April 9, 2009, the Colorado Supreme Court denied Mr. Saleh's petition for writ of certiorari in the Rule 35(c) proceedings.

The instant action was filed on August 31, 2009. Mr. Saleh asserts five numbered claims for relief in the application. However, Mr. Saleh concedes in his reply to the Pre-Answer Response that claim five in the application is merely a summary of claims three and four and is not intended to be a separate claim for relief. (**See** Reply

to Resp't's Pre-Answer Resp. at 48.) Therefore, the Court will not consider claim five as a separate claim. Mr. Saleh's four other claims for relief are the following:

1. His right to due process was violated when the Colorado Supreme Court legislated from the bench in reinstating his conviction on direct appeal.

2. The evidence was insufficient to convict him.

3. Trial counsel was ineffective by failing to conduct an adequate pretrial investigation and failing to retain a defense expert.

4. His Sixth Amendment rights were violated when he was denied counsel at sentencing.

Respondents first argue in their Pre-Answer Response that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d), which provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been

3

> discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the date on which Mr. Saleh's conviction became final. In general, a conviction becomes final following a decision by the state court of last resort on direct appeal when the United States Supreme Court denies review, or, if no petition for writ of certiorari is filed, when the time for seeking such review expires. **See Locke v. Saffle**, 237 F.3d 1269, 1273 (10th Cir. 2001). Pursuant to Rule 13.1 of the Rules of the Supreme Court of the United States, Mr. Saleh had ninety days to seek review in the United States Supreme Court after the Colorado Supreme Court denied his petition for rehearing on direct appeal on May 20, 2002, but he did not do so. The ninetieth day after May 20, 2002, was Sunday, August 19, 2002. Therefore, the time for Mr. Saleh to file a petition for writ of certiorari in the United States Supreme Court expired on Monday, August 19, 2002, and the Court finds that his conviction became final on that date.

The Court also finds that the one-year limitation period began to run on August 19, 2002, because Mr. Saleh does not allege he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his

claims before his conviction became final. **See** 28 U.S.C. § 2244(d)(1)(B) - (D). Therefore, unless the one-year limitation period was tolled for some period of time, it expired on August 19, 2003, one after Mr. Saleh's conviction became final.

The next question the Court must answer is whether any postconviction proceedings in the state courts tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." **Artuz v. Bennett**, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

**Habteselassie v. Novak**, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law. **See Gibson v. Klinger**, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." **Barnett v. Lemaster**, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations

period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Mr. Saleh first argues that the one-year limitation period was tolled while a postconviction proceeding he initiated in March 1998 was pending in state court. Mr. Saleh specifically contends that on March 1, 1998, he filed postconviction Rule 35(c) motions in the Arapahoe County District Court challenging the validity of three prior Arapahoe County District Court convictions that were used to enhance his sentence in Denver District Court case number 98CR2025. The Arapahoe County District Court denied the Rule 35(c) motions as untimely, finding that Mr. Saleh failed to establish justifiable excuse or excusable neglect to excuse the late filing of the motions, and the district court's order was affirmed on appeal. *See People v. Saleh*, No. 03CA2243 (Colo. Ct. App. Mar. 17, 2005). Respondents do not address Mr. Saleh's argument that the postconviction proceedings relevant to his prior Arapahoe County District Court convictions tolled the one-year limitation period, an argument first raised by Mr. Saleh in the habeas corpus application itself.

The Court does not agree that the state court postconviction proceedings relevant to Mr. Saleh's prior Arapahoe County District Court convictions tolled the one-year limitation period pursuant to § 2244(d)(2). It is not clear whether Mr. Saleh's state court postconviction motions challenging his prior Arapahoe County District Court convictions qualify as postconviction proceedings "with respect to the pertinent judgment or claim" as required by § 2244(d)(2). *See, e.g., Godfrey v. Dretke*, 396 F.3d 681 (5th Cir. 2005). However, the Court need not answer this question because, in

any event, the state court postconviction motions Mr. Saleh filed challenging his prior Arapahoe County District Court convictions were denied as untimely and, thus, were not properly filed within the meaning of § 2244(d)(2). **See Pace v. DiGuglielmo**, 544 U.S. 408 (2005).

Mr. Saleh also argues that the one-year limitation period was tolled while two prior federal habeas corpus actions, at least one of which challenged the validity of the judgment in Denver District Court case number 98CR2025, were pending. **See Saleh v. Novak**, No. 99-cv-00146-ZLW (D. Colo. Feb. 19, 1999) (dismissed without prejudice for failure to exhaust state remedies), **appeal dismissed**, No. 99-1093, 1999 WL 603785 (10th Cir. Aug. 11, 1999); **Saleh v. People**, No. 03-cv-00142 (D. Colo. Feb. 13, 2003) (dismissed without prejudice for failure to cure deficiencies). However, the tolling authorized by § 2244(d)(2) relates only to state court postconviction proceedings. **See Duncan v. Walker**, 533 U.S. 167, 181-82 (2001). Therefore, Mr. Saleh's prior federal habeas corpus actions also did not toll the one-year limitation period.

As noted above, Mr. Saleh did file a state court postconviction Rule 35(c) motion in the Denver District Court on February 16, 2005, challenging his conviction in 98CR2025. However, Respondents contend, and the Court agrees, that the one-year limitation period was not tolled pursuant to § 2244(d)(2) while the postconviction Rule 35(c) motion filed on February 16, 2005, was pending because that motion was filed after the one-year limitation period already had expired on August 19, 2003. **See Clark v. Oklahoma**, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year

limitation period). Although Mr. Saleh argues strenuously that the Rule 35(c) motion challenging his Denver District Court conviction in 98CR2025 was timely under state law, the fact that the motion was filed within the three-year period allowed under state law does not mean the motion automatically tolls the one-year limitation period under federal law. Therefore, the Court finds that the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling also may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently and it is the inmate's burden to "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Saleh fails to convince the Court that equitable tolling of the one-year limitation period is appropriate. His argument that the one-year limitation period should be tolled equitably for the time during which he was seeking postconviction relief in his Arapahoe County District Court cases does not demonstrate the existence of any extraordinary circumstance beyond his control that made it impossible to file a timely

application for writ of habeas corpus. The Court also finds that Mr. Saleh's prior federal habeas corpus actions will not support equitable tolling. Although Mr. Saleh alleges case number 03-cv-00142-ZLW was filed specifically to prevent his claims from being barred by the one-year limitation period, that action was dismissed for failure to cure the deficiencies because Mr. Saleh never filed an application for a writ of habeas corpus specifying the claims he sought to assert. Mr. Saleh's failure to file a pleading that identifies the claims he is raising in response to a court order is not an extraordinary circumstance beyond his control that might justify equitable tolling.

Mr. Saleh also raises a claim of actual innocence. Although the actual innocence argument primarily is raised in response to Respondents' argument that certain claims are unexhausted and procedurally barred, the Court also will consider the actual innocence argument in the context of equitable tolling.

A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In order to demonstrate actual innocence, Mr. Saleh first must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Id.* Mr. Saleh then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

Mr. Saleh does not identify any new, reliable evidence in support of either his actual innocence argument or any of the claims he is asserting in this action. He

merely argues that he is actually innocent because, despite the victim's testimony that Mr. Saleh kicked her in the back and caused her to fall down a flight of stairs, there was no physical evidence to prove beyond a reasonable doubt that the victim's fall was caused by a kick in the back. This argument is not based on any new reliable evidence and, as a result, Mr. Saleh fails to convince the Court "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

Mr. Saleh's equitable tolling arguments also lack merit because he fails to demonstrate that he has pursued his claims diligently. Although Mr. Saleh contends he has been challenging his convictions in state court continuously for many years, his efforts to pursue untimely postconviction relief with respect to his prior Arapahoe County District Court convictions does not demonstrate diligence in pursuing the claims he raises in this action challenging his Denver District Court conviction.

Therefore, the Court finds that equitable tolling is not appropriate and the instant action will be dismissed as barred by the one-year limitation period. Because the Court will dismiss this action as time-barred, the Court will not address Respondents' alternative arguments that some of Mr. Saleh's claims are unexhausted and procedurally barred. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this 18 day of February, 2010.

BY THE COURT:

*(signed)* Christine M. Arguello for
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02070-BNB

Christopher R. Saleh
Prisoner No. 85798
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

John D. Seidel
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

   I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/19/10

GREGORY C. LANGHAM, CLERK

By: _____
     Deputy Clerk